EMPIRE MINING CO. v. PROPELLER TOWBOAT CO.

PRACTICE—EXCUSABLE NEGLECT—MOTION TO SET ASIDE JUDGMENT.—
Order of Circuit Judge in setting aside a judgment on verdict for
damages on motion under Code, 195, in a cause pending in both
State and Federal Courts, based on conclusion of fact by Circuit
Judge that respondents' attorneys were misled as to intention of
plaintiff to try the case in the State Court, affirmed. MR. JUSTICE
POPE *dissents on the view that order appealed from relieved respond-
ents from mistake of law of case after default.*

Before GARY, J., Charleston, April, 1900.    Affirmed.

Action for damages by Empire Mining Co. against Pro-
peller Towboat Co. of Savannah.  The appeal herein is from
the Circuit order setting aside the judgment in favor of the
plaintiff, which is set out in the opinion of Mr. Justice Pope,
by the plaintiff on the following exceptions:

"First. That his Honor, the presiding Judge, should have
held that the defendants had knowingly been in default ever
since the time for the serving of its answer expired, amount-
ing to very many months, and that such default was inten-
tional.

"Second. That his Honor, the presiding Judge, should
have held that the verdict in this case and the order for
judgment thereon had not been taken against the defendant
through its mistake, inadvertence, surprise or excusable
neglect, or through the mistake, inadvertence, surprise or
excusable neglect of its counsel; but that on the contrary the
default made by the defendant in not appearing and answer-
ing in this action was premeditated and intentional.

"Third. That the presiding Judge having held that the
only surprise claimed or shown by defendant in this case as a
reason for relieving it from the effect of its default, was that
its counsel claimed to be surprised that his Honor should
have held that the State Court still retained jurisdiction of
the cause, should have further held this insufficient to
authorize the opening of the intentional default.

"Fourth. That his Honor should have held that the surprise referred to in the Code of Procedure as ground for the relief of a party from a proceeding taken against him, is not surprise based upon the ruling of the Court upon a question made and argued, nor surprise as to the existence of a rule of law being different than as counsel assumed it to be, but is surprise based upon some matter of fact.

"Fifth. That his Honor should have ruled that the discretion of the Circuit Judge did not extend to the relieving a party from a default which had been intentionally incurred by the action of his counsel, such action of counsel being based upon a belief that the Court would rule the law to be in accordance with the opinion of such counsel.

"Sixth. That the Circuit Judge, under the provisions of the Code allowing the consequences of such a default to be relieved against in his discretion, has no discretion where the relief is based upon the surprise arising from the misapprehension of a legal rule and not from matter of fact; and that the setting aside of the verdict and the order taken thereon in this case was beyond his discretion.

"Seventh. That it was not a proper exercise of the discretion of the Circuit Judge to set aside the verdict and judgment thereon and open the default in this cause, because the ruling of the Court on the matter in which counsel for defendant had acted knowingly and intentionally was a surprise to such counsel.

"Eighth. That his Honor, the Circuit Judge, should have refused the motion to set aside the verdict and the order for judgment taken thereon."

*Messrs. Mitchell & Smith,* for appellant, cite: *Appeal lies from an order under Code, 195, where there is an abuse of discretion, and appellant must show this:* 56 S. C., 12, 28. *What is abuse of discretion:* 47 S. C., 499; 53 S. C., 230; 50 S. C., 403; 52 S. C., 308; 9 Ency., 2 ed., 473. *There is such abuse in the order appealed from:* 6 Ency. P. & P., 167; 14 S. C., 630; 17 S. C., 454; 14 S. C., 324; 53 S. C., 229;

36 S. C., 581; 18 Wend., 100; 38 S. C., 556; 32 S. C., 86; 36 S. C., 578; 47 S. C., 393; 51 S. C., 164; 52 S. C., 305; 53 S. C., 222; 55 S. C., 466; 56 S. C., 12, 28. *Defendant's defense as set out in affidavits is inadequate:* 6 Ency. P. & P., 181. *Action may go on in both Courts:* 117 U. S., 430; 36 S. C., 230; 57 S. C., 453.

*Messrs. Nathans & Sinkler,* contra, cite : *Findings of fact on motions of this kind cannot be reviewed:* 54 S. C., 95; 38 S. C., 557; 56 S. C., 29; 19 S. C., 557. *Order setting aside verdict on ground of surprise is not appealable:* 8 S. C., 63; 36 S. C., 587. *Whether defendant's counsel were taken by surprise is question solely for Circuit Judge:* 53 S. C., 231; 51 S. C., 409; 19 S. C., 557.

April 18, 1901. The opinion of the Court was delivered by

Mr. Justice Pope. Plaintiffs sued the defendant for $3,047.66 damages for the loss of a barge and a cargo of phosphate rock, and their suit was brought in the Court of Common Pleas for Charleston County, S. C., on the 22d day of November, 1898, and an attachment of certain of defendant's property was made in pursuance of the laws of this State. Soon thereafter a petition for removal of the cause to the Circuit Court of the United States for the State of South Carolina was filed, and by the order of Judge Benet, of the Court of Common Pleas for Charleston, S. C., said petition for removal was allowed. Thereafter a motion was made in said Circuit Court of the United States for South Carolina for the removal of said cause to the Court of Common Pleas for Charleston County, S. C., before his Honor, Judge William H. Brawley, and such Judge granted said motion in an order requiring said removal to be made forthwith. On the same day a certified copy of said order of Judge Brawley was duly filed in the Court of Common Pleas for Charleston County, S. C., and said action was thereupon placed upon the default calendar No. 3 of said last

named Court, there having been filed by defendant's attorneys no notice of appearance or any pleading to said complaint. That said cause remained on said calendar until 18th April, 1900, on which day judgment was rendered by Judge Ernest Gary, who at that date was the presiding Judge of said Court of Common Pleas for Charleston, S. C., against the defendant for the sum of $3,070.66. That on the next day, 19th day of April, 1900, Messrs. Nathans & Sinkler, as defendant's attorneys, without notice to plaintiff's attorneys, but in open Court, moved Judge Ernest Gary, as presiding Judge of said Court of Common Pleas for Charleston County, to vacate and set aside the verdict recovered, and order for judgment made on the said 18th day of April, 1900, on the ground that the case having been removed to the United States Circuit Court, this Court was ousted of jurisdiction. After argument on both sides, Judge Gary, by an order therefor, refused said motion. When the Court (Judge Gary) had announced his order refusing said motion, defendant's attorneys then moved the Court to vacate and set aside the verdict and order for judgment, and permit the defendant to appear and answer, on the ground that the ruling of the Court had taken them by surprise, and that they had expected to be notified by the Court if any application was made to take judgment by default. Thereupon the hearing of this last motion was adjourned until the next morning, April 20th, 1900, when each side submitted affidavits setting forth alleged verbal statements of counsel on each side. The Circuit Judge, Judge Gary, then made the following order: "On hearing the motion of defendant's counsel to set aside the verdict herein and allow defendant to answer, and after hearing the affidavits of Mr. J. N. Nathans in support of said motion and of Messrs. Julian Mitchell, jr., and Henry A. M. Smith in opposition, counsel on both sides having been heard, and it appearing to the Court that counsel for defendant were surprised at the ruling of this Court that this Court had jurisdiction of the cause: It is ordered, that if the defendant shall within

twenty days from the date of this order file its answer to the complaint herein, to the merits thereof, and duly verified, then that the verdict herein and the order for judgment thereon taken and made on the 18th April, 1900, be, and the same are set aside.    20th April, 1900.    Ernest Gary, presiding Judge."    Thereupon the plaintiff's attorneys appealed to this Court for the purpose of having said order dated the 20th April, 1900, vacated on grounds which will be hereafter considered.

To properly understand the present *status* of this action it is necessary to state that the defendant, through its attorneys, Messrs. Nathans & Sinkler, appealed to this Court to reverse the judgment rendered by Judge Gary on the 18th day of April, 1900, on calendar 3, upon the ground that the Court erred in holding that the Court of Common Pleas for Charleston had acquired jurisdiction of the action after removal proceedings were had by the order of Judge Brawley in the United States Circuit Court, dated 22d May, 1899, directing said removal to the State Court forthwith, in view of the fact that Judge Brawley had revoked the order of 22d May, 1899, by his order dated the 7th day of June, 1899. When this appeal came on to be heard before this Court, its judgment was rendered, whereby the judgment of the Court of Common Pleas for Charleston County against the defendant and in favor of the plaintiff for the sum of $3,070.66, was affirmed.    *Chisolm et al.* v. *The Propeller Towboat of Savannah, Ga.,* 49 S. C., 549.    As will be seen by Judge Ernest Gary's order appealed from herein, he has based his decision vacating his judgment of 18th April, 1900, and allowing the defendant to appear and answer, upon the mistake of defendant's counsel, and their consequent surprise, that he, Judge Gary, would hold that the Court over which he presided was not ousted of jurisdiction by the removal proceedings.    We have just announced through the judgment of this Court that Judge Gary made no mistake as to the jurisdiction of his Court to render the judgment against the defendant.    Under this appeal we are obliged to hold

that Judge Gary erred in granting the order now appealed from in these proceedings. It was an error of law and, therefore, reviewable by this Court. No Court can successfully hold that a mistake as to law made by counsel in a cause pending in Court in which cause such counsel have neither appeared or pleaded, is good ground or legal ground to set aside a judgment. We have not reproduced the affidavits submitted on each side to the motion before Judge Gary, as no practical good could result therefrom. Verbal statements by counsel are not favored by Courts. However, our conclusion as to this contention is not influenced by such affidavits. We have not set out the grounds of appeal, because they all relate to the alleged error of Judge Gary in granting the order to vacate his judgment and allow defendant to plead over, as an error of law.

From these views I think our judgment should be, "It is the judgment of this Court that the order appealed from herein be reversed," but the majority of this Court think that the judgment of the Circuit Court should be affirmed. Although I dissent, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES GARY and JONES *dissent, and concur in the dissenting opinion of* MR. CHIEF JUSTICE McIVER.

MR. CHIEF JUSTICE McIVER *dissenting.* Being unable to concur in the conclusion reached by Mr. Justice Pope in this case, it is proper that I should at least state the grounds of my dissent. But in order to understand fully these grounds, it will be necessary to keep in mind the true nature and effect of the judgment or order as disclosed by its terms, which we are called upon to review, as well as the specifications of alleged error therein, as disclosed by the exceptions. We are not at liberty to try the case *de novo,* but the function of this Court is simply to inquire and determine whether the Court below has erred in the several particulars pointed out by the exceptions. For this reason it seems to me necessary

that the Reporter in his report of the case should set out the order appealed from and the exceptions thereto.

It is obvious that this was a motion on the part of the defendant to be relieved from a judgment taken against him by surprise, under the provisions of sec. 195 of the Code, and it is too well settled to need the citation of any authority. 1st. That such a motion is addressed to the discretion of the Circuit Court, and that this Court will not interfere with the exercise of such discretion, unless it appears that the Circuit Judge was influenced or comtrolled by some error of law. 2d. That questions of fact presented under such a motion are exclusively for the Circuit Judge, and his determination of such questions will not be reviewed or reversed by this Court. In the light of these well settled doctrines let us examine the several exceptions. The first exception manifestly presents nothing but a question of fact, and for that reason, if there were no other, cannot be sustained. The same may be said of the second exception, which should, therefore, be overruled.

The third exception is based upon what seems to me to be an unwarranted construction of the order of his Honor, Judge Gary. If he had intended to base his conclusion solely upon the ground that counsel for defendants were surprised at his previous rulings upon the questions of law presented, when he made his order the day before adjudging that the State Court had jurisdiction of the case, why should he have stated in the order now appealed from that it was made after hearing the affidavits of counsel set out in the "Case," in which facts were stated tending to show, as counsel for respondent claim, that they were induced to believe that the case would be tried in the Unitel States Court, especially the fact stated in the affidavit of Mr. Nathans, and not denied in the affidavits of counsel on the other side, that counsel for plaintiff appeared in the United States Court during its April session in 1900, and fixed a day for the trial of the cause, and before the trial obtained a continuance on the ground of the absence of their witnesses. Then, too, the

facts which appear in the "Case," that though the case was docketed on calendar 3 for June term, 1899, and the Court of Common Pleas was opened on the 3d of July, 1899, yet no effort seems to have been made to obtain a judgment at that term; the further fact that the succeeding term of the Court of Common Pleas was opened on the 28th of November, 1899, and adjourned on the 30th of December, 1899, and still no effort was made to obtain a judgment at that term; and again, though the next term of the Court of Common Pleas was opened on the 6th of March, 1900, the plaintiff did not obtain its judgment until the 18th of April, and on the very next day counsel for defendant, after an ineffectual attempt to set aside the judgment for want of jurisdiction, made this motion to set aside the judgment on the ground of surprise, the hearing of which was postponed until the 20th day of April, 1900, when it was granted by the order appealed from. Now when Judge Gary granted the order in question, he had all these facts before him, and whether they had any influence upon his mind in reaching his conclusion, and if so what, this Court has no means of ascertaining, except from the terms of the order which he granted. Of course, I am not to be understood in making this reference to the facts as questioning or ignoring any fact stated in any of the affidavits, for the well known character of these affiants would be quite sufficient to repel any suspicion even that any of them would intentionally misstate any fact. Indeed, my only purpose in referring to the facts at all (which are not for this Court) was simply to indicate that there were facts before the Circuit Judge pertinent to the question which he was called upon to decide. The third exception should be overruled.

The fourth, fifth, sixth and seventh exceptions should also be overruled, as they are all based upon the unwarranted assumption that the Circuit Judge based his conclusion upon an erroneous view of the law; for, as we have seen, there were facts before him which, if believed by him, as no doubt they were, were quite sufficient to sustain his conclusion.

The eighth exception is too general to require further notice and should be overruled.

I am of the opinion, therefore, that the order appealed from should be affirmed.